UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **RICHARD HANGE,** | : | CASE NO. 1:07cv00054 |
| | : | |
| Plaintiff | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| **CITY OF MANSFIELD, et al.** | : | **ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

On March 20, 2007, Defendants the City of Mansfield (the "City"), Ronald Kreuter ("Kreuter"), and H. Michael Bailey ("Bailey") jointly filed a *Motion to Dismiss* Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9). In their motion, Defendants ask the Court to dismiss Plaintiff's one-count complaint, which seeks relief for an alleged, "violation of Plaintiff's First Amendment right of access to the courts secured by the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983." On April 5, 2007, Plaintiff Richard Hange ("Plaintiff" or "Hange") filed an *Opposition to Defendants' Motion to Dismiss* (Doc. 10). The City, Kreuter, and Bailey jointly filed a *Reply in Support of Their Motion to Dismiss* (Doc. 11) on April 18, 2007. For the reasons articulated below, Defendants' *Motion to Dismiss* (Doc. 9) is **GRANTED** and this matter is **DISMISSED**.

**I.      BACKGROUND.**

Hange's Complaint, to some extent, involves concurrent litigation before the Honorable Patricia A. Gaughan, also of the United States District Court for the Northern District of Ohio, under

1

the caption Hange v. City of Mansfield, No. 1:06 CV 284 (N.D. Ohio) (hereinafter "Hange I"). Accordingly, and because the allegations underlying Hange I bear heavily on the disposition of Hange's instant First Amendment claim before the undersigned, a brief summary of the allegations of Hange I follows.

In Hange I, Plaintiff sued the City, Kreuter, and other City of Mansfield officials claiming that he was deprived of his right to substantive and procedural due process when he was demoted from fire captain to firefighter. The Hange I defendants responded by arguing that Hange availed himself of procedural due process by pursuing the grievance procedure available to him under a collective bargaining agreement ("CBA") and that Hange was not deprived of a substantive due process right because his demotion had a rational basis. On January 17, 2007, Judge Gaughan granted summary judgment to the defendants, finding that, because Hange fully grieved the alleged deprivation through all the steps available to him under the CBA, he was not deprived of procedural due process. Hange v. City of Mansfield, No. 1:06 CV 284, 2007 WL 142153, at *4 (N.D. Ohio Jan. 17, 2007). Judge Gaughan also found that Hange could not show that his substantive due process rights were violated because his demotion "bore a rational relation to [his] acts of incompetence."[1] Id.

According to the instant complaint, during the course of Hange I, the Defendants impeded Hange's participation in the Hange I lawsuit. Specifically, Hange alleges that, under his CBA, he is entitled to trade shifts with other firefighters, but that the Defendants refused to approve certain shift trades. Primarily, Hange claims that the Defendants refused to approve the six-hour shift

---

[1] Hange's disciplinary action arose from being accused of sleeping in his fire truck while on duty and causing two rescue trucks and a bulk tank to be removed from service by filling them with improper fuel. In response to the first charge, Hange claimed that he "might have had his eyes closed," but he was not sleeping. The latter charge, however, was undisputed.

change he sought in order to read the transcript of his own deposition. Hange also claims that, though he arranged for another shift change to cover a three hour period to attend Kreuter's deposition, Defendants deducted three hours from his compensatory time bank. Thus, according to Hange, the Defendants actions were tantamount to a deprivation of his right of access to the courts.

**II.    DISCUSSION.**

"A cause of action for violation of the Petition Clause is subject to the same analysis applied to a claim arising under the Speech Clause." Valot v. Southeast Local School Dist. Bd. of Educ., 107 F.3d 1220, 1226 (6th Cir. 1997). "Specifically, the right to petition is limited to matters of public concern." Id.

Similarly, to the extent Hange attempts to state a claim under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment, he must show that: "(1) he engaged in constitutionally protected activity, (2) defendants' adverse action caused him to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in the activity, and (3) the adverse action was . . . [in] response to his exercise of his constitutional rights." Van Compernolle v. City of Zeeland, No. 06-1904 Slip op., 2007 WL 2015985, at *4 (6th Cir. July 09, 2007) (citing Farhat v. Jopke, 370 F.3d 580, 588 (6th Cir. 2004)). Where the plaintiff in a First Amendment retaliation action, "is a government employee, he must also demonstrate that his speech touched on matters of public concern." Id. In short, the touchstone of either theory is whether Hange was engaged in constitutionally protected speech (*i.e.* speech addressing a matter of public concern). Thus, when determining whether a public employer has violated the First Amendment Right to Petition, or has retaliated against a public employee for engaging in speech or association, a court must first decide whether the speech at issue addresses a matter of public concern. Id. (citing Connick v. Myers, 461

3

U.S. 138, 143 (1983)).

Matters of public concern are those that can, "'be fairly considered as relating to any matter of political, social, or other concern to the community[.]'" Id. at *5 (quoting Connick, 461 U.S. at 146). The Sixth Circuit has stated that speech is of public concern where, "it involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." Id. (quoting Farhat, 370 F.3d at 590). Generally, courts do not view a public employer's alleged retaliation in response to a public employee speaking upon matters of purely personal interest as implicating the First Amendment. Id. at *6. Instead, courts find protected speech only where a public employee speaks as a citizen upon matters of public concern. Id.

Here, Hange alleges that the protected speech at issue was his complaint in Hange I which challenged his demotion from fire captain to firefighter. That suit, as described above, only addresses whether it was unlawful to demote Hange as punishment for falling asleep in his fire truck while on duty and for damaging city equipment. Where, as here, an employee's complaint involves personnel decisions relating to that employee's continued employment, grievances, or pay, courts within the Sixth Circuit have held that those complaints do not raise matters of public concern. Van Compernolle, 2007 WL 2015985, at *6 (holding that participation in other officers' grievance procedures was not a matter of public concern.); Gragg v. Somerset Technical Coll., 373 F.3d 763, 767 (6th Cir. 2004) (holding that a request for overtime pay, "does not constitute protected speech because it is not a matter of public concern"); Ziem v. Zehnder, No. 04-CV-73099, 2005 WL 1563329, at *16 (E.D. Mich. June 30, 2005) (finding that plaintiff's lawsuit challenging termination did not raise a matter of public concern, and "[plaintiff's] claim that [the complaint] was addressing

'unlawful' actions is insufficient [to claim public concern].").

After examining the Hange I complaint, the Court can find no principled basis upon which to distinguish Hange's claim for improper demotion from the claims in Ziem (for illegal termination) and Gragg (for improper deprivation of overtime pay), neither of which were found to address matters of public concern. See also Rathjen v. Litchfield, 878 F.2d 836, 841 (5th Cir. 1989) (finding a plaintiff's filing of a lawsuit in opposition to her demotion was not a matter of public concern.). Accordingly, because Hange's speech does not touch upon a matter of public concern, he cannot demonstrate a First Amendment violation on either theory. [2]

### III. CONCLUSION.

For the foregoing reasons, Defendants' *Motion to Dismiss* (Doc. 9) is **GRANTED** and this matter is **DISMISSED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**Dated: November 19, 2007**

---

[2] As a final note, the Court observes that Hange's claim was filed, that he attended Kreuter's deposition, that he was able to read his own deposition, and that his claim was adjudicated. (Pl's Opp. Br. at 9.) Hange's claim, therefore, is merely that he was denied "trade time" to engage in litigation and, instead, had to use his own compensatory time. Notwithstanding Hange's failure to raise a public concern, the Court does not believe that requiring a plaintiff to use compensatory or vacation time while away from work to litigate a case amounts to a violation of the Right to Petition. See Swekell v. City of River Rouge, 119 F.3d 1259, 1263 (6th Cir. 2000) (observing that when an alleged violation of the right to access to courts occurs post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable); see also Foster v. City of Lake Jackson, 28 F.3d 425, 430 (5th Cir. 1994) ("we hold that the right of access, . . ., encompassed a right to file an action, but not the right to proceed free of discovery abuses after filing.").